GREGORIA MALDONADO, Plaintiff and Appellee, v. FRANCISCO REBOLLAR, Defendant and Appellant.

No. 10987.   Argued January 12, 1954.—Decided February 1, 1954.

*Raúl Matos* for appellant.   *Luis A. Noriega* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

Gregoria Maldonado filed an action of Filiation and for Support against Francisco Rebollar in the Ponce Section of the former District Court of Puerto Rico, alleging that the minor, Frances Margarita Maldonado, born on May 27, 1949, was plaintiff's as well as defendant's daughter. After a trial on the merits, the Ponce court rendered judgment dismissing the cause of action of filiation in view of its theory that the defendant was a married man and had never lived as husband and wife with the plaintiff, although he had sexual relations with her, and that "there is no strong evidence that the defendant has given the minor plaintiff the care, love and consideration of a natural daughter, wherefore the aforesaid minor has not fully enjoyed the uninterrupted possession of the status of natural daughter of defendant." Notwithstanding this the trial court sustained the second cause of action for support, on the ground that the defendant's paternity as to the child in question had been proved, in view of the sexual relations between both parties, from which, according to the trial court, the girl was born; that the defendant sent money to the plaintiff, before and after childbirth, to attend to the girl's needs; that the defendant and the girl had a resemblance "in the eyes" and that the defendant had verbally admitted that he was the girl's father.

Defendant has appealed to this Court. Plaintiff has neither contested nor appealed from the decision of the trial court dismissing the cause of action of filiation. The defendant-appellant has assigned the following errors:

"(1) The trial court committed a serious error of law in not permitting the defendant-appellant to impeach the testimony of the plaintiff, GREGORIA MALDONADO, together with the testimony of the District Judge, R. ORTIZ PACHECO, and of Mr. Arturo Cintrón García, an attorney, after defendant realized that she had totally changed her testimony at the Superior

Court and had testified contrary to her testimony before the Municipal Court of Ponce, now District Court.

"(2) The trial court committed a manifest and serious error of law in weighing the evidence."

█ The first error assigned was clearly committed, and the judgment must be reversed on that ground. The defendant tried to impeach the credibility of the plaintiff as a witness, by showing that she had made statements in the former Municipal Court of Ponce, in an action for abandonment of children against the defendant herein, regarding the same girl in question, which statements were incompatible or inconsistent with her testimony at the hearing of the case at bar, and the trial court refused to allow such demonstration or impeachment on the alleged ground that such evidence was not relevant. The Ponce court did not allow the defendant to ask the plaintiff the basic questions essential to lay the foundation for impeachment, and it did not allow the witnesses, District Judge R. Ortiz Pacheco and Lic. Arturo Cintrón García, to testify as to those previous statements, which were alleged to be inconsistent. Counsel for the defendant stated the purpose of the rejected testimony, which was to prove that the plaintiff had testified contrary to what she had stated in the former Municipal Court. The ruling in *People v. Santos*, 69 P.R.R. 408, 413, is applicable to the instant case. It was held there that the credibility of a witness may be impeached by inconsistent statements, either oral or written made by him prior to the trial, and not merely by written statements, and that where in trying to lay the foundation to impeach the "star" witness of the prosecution, the defendant informs the court of his purpose and the nature of the evidence he intended to present, evidence which was clearly admissible to that end, and the court does not allow him to contradict the witness, the court commits manifest error prejudicing defendant's rights and *the judgment should therefore be reversed* and a new trial granted. The announcement made by appellant's counsel to the effect

that he intended to show that the witness in question made "statements ... entirely different from those he made in the witness stand" was considered sufficient, as happened in the case at bar. On the other hand, the fact that the alleged contradictory statements were made in a "Municipal" court, does not bar the application of the rule set forth. See also, the cases of *People* v. *Alvarez*, 70 P.R.R. 791 (the exclusion of material evidence offered to show that a witness had made inconsistent statements warrants the reversal of the judgment) and *Ramírez* v. *Porto Rico Dairy Co.*, 53 P.R.R. 85 (the testimony of a judge as to statements made before him by a witness in a criminal action is perfectly admissible to contradict statements made by that witness in a civil action).

Since the first error was committed and warrants the reversal of the judgment, we need not consider the second assignment. Now then, the commission of the first error implies the need of a new trial of this case. The whole proceeding of the trial is set aside as well as the entire judgment. This implies that the new trial must refer to both causes of action; that of filiation as well as for support. The alleged statements referred to in the first assignment concerned the paternity and, therefore, the error affects inseparably both causes of action, wherefore the case should be left open and both causes of action considered anew.

The judgment appealed from will be reversed and the case remanded to the Superior Court, Ponce Part, for a new trial and for further proceedings not inconsistent with this opinion.